IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ashley Frank, | ) | C/A No. 7:17-cv-03338-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hinson Management, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for Default Judgment, ECF No. 12, and Defendant's Motion to Set Aside Default, ECF No. 14. For the reasons below, the court grants Defendant's Motion to Set Aside Default and dismisses Plaintiff's Motion as moot.

## **BACKGROUND**

This action was filed on December 11, 2017, alleging that Defendant withheld a security deposit and instituted a collections action against the Plaintiff in violation of the Service Members Civil Relief Act, 50 U.S.C. § 3901, et seq., and the South Carolina Landlord and Tenant Act, S.C. Code Ann. § 27-40-410. Plaintiff served the Summons and Complaint upon Defendant on December 19, 2017. ECF No. 8. Defendant did not answer or respond to the Complaint within the deadline for filing a response. Plaintiff requested an Entry of Default by the Clerk of Court against Defendant on January 22, 2018, and the Clerk of Court entered default against Defendant on the same day. ECF Nos. 9, 10.

Defendant's counsel contends that due to "clerical oversight and/or miscommunication" this action was not immediately assigned to counsel until after the time to answer or otherwise plead had lapsed. ECF No. 14-1 at 1–2. Further, Defendant discovered the entry of default on

January, 23, 2018. *Id*. at 2. Defendant's counsel state that they attempted to confer with Plaintiff's counsel and requested that they withdraw the entry of default; Plaintiff's counsel refused. *Id.* at 2. Defendant moved to set aside default on January 25, 2018. ECF No. 14. No response was filed and the time to respond has lapsed. This matter is now ripe for consideration.

## APPLICABLE LAW AND ANALYSIS

Defendant moves for relief from entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Rule 55(c) states that "[t]he court may set aside an entry of default for good cause." "Traditionally, . . . relief from a judgment of default should be granted where the defaulting party acts with due diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1983). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Id*. Other factors to consider include "the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

Based on the facts and factors set forth above, the Court finds that Defendant has demonstrated good cause to set aside the default. First, Defendant has established the existence of a meritorious defense, arguing that Plaintiff did not properly terminate her lease under the Service Members Civil Relief Act. Second, there is no evidence of previous dilatory action on Defendant's behalf, absent failing to answer Plaintiff's Complaint. Third, there are far less drastic sanctions available to Plaintiff in comparison to granting her Motion for Default Judgment. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010) (noting that

a motion for an award of attorney's fees and costs to a plaintiff in opposing the motion to set aside an entry of default or default judgment could be appropriate). Fourth, there is no evidence that Plaintiff will be prejudiced if the Entry of Default is set aside. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Id*. Plaintiff failed to respond to the Motion to Set Aside Default and, therefore, has not proffered any evidence of prejudice.

Lastly, in regards to the personal responsibility of the defaulting party, it is unclear from the Motion to Set Aside Entry of Default whether the oversight was on behalf of Defendant or Defendant's counsel. To the extent that Defendant's counsel are responsible for the oversight, "justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *Moradi*, 673 F.2d at 728. To the extent that Defendant is responsible for the error, the Court finds that the balance of factors still weighs in favor of setting aside the default.

Therefore, after applying the factors set above, the Court **GRANTS** Defendant's Motion to Set Aside the Entry of Default, ECF No. 14, and allows Defendants 5 days from the date of this Order to enter a responsive pleading. Because the Court grants Defendant's Motion, Plaintiff's Motion for Default Judgment, ECF No. 12, is **MOOT**.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

February 12, 2018
Spartanburg, South Carolina